IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMOND FOGGLE, § <br> § <br> Plaintiff, § <br> § <br> v. §    No. 3:24-cv-00468-G (BT) <br> § <br> DALLAS POLICE DEPARTMENT, et § <br> al. § <br> § <br> Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Raymond Foggle proceeds *in forma pauperis* (IFP) against the Dallas Police Department (DPD) and the City of Dallas for an alleged use of force incident that occurred in 2010. For the reasons below, the Court should dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief can be granted.

**Background**

Foggle claims that, on August 20, 2010, DPD officers "hog-tied" him and beat him for several minutes. ECF No. 3 at 5. He further alleges that he was "deprived of medical treatment while in custody" but provides no details. ECF No. 3 at 3.[1] He claims that he has PTSD from the incident. ECF No. 3 at 4. He seeks

---

[1] Foggle attached a paramedic report from August 20, 2010, which states that he requested emergency medical treatment while in DPD custody, but he turned the treatment away when it arrived. ECF No. 3 at 14. Foggle also includes a record from August 22, 2010, showing that he presented to an emergency room with a closed

damages for over 13 years of mental and physical pain and suffering. ECF No. 3 at 4.

## Legal Standards

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citing *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998)).

## Analysis

The Court should dismiss Foggle's claims as barred by the applicable statute of limitations. Alternatively, the Court should dismiss his claims because the DPD

---

head injury and was diagnosed with blunt head and facial trauma and a concussion. ECF No. 3 at 17.

is a nonjural entity, and Foggle fails to plausibly allege the City of Dallas's liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

1. <u>Foggle's claims are untimely.</u>

The district court can dismiss a claim as frivolous under 28 U.S.C. § 1915(e) if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *see also Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (same). That is the case here.

Because Foggle is suing government actors for the alleged violation of his constitutional rights, the Court analyzes his claims under 42 U.S.C. § 1983. The Court determines the statute of limitations for a § 1983 claim by looking to the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the applicable statute of limitations is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994). And federal law determines when a § 1983 cause of action accrues. *Gartrell*, 981 F.2d at 257. "It does so when the plaintiff has 'a complete and present cause of action.'" *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 306 (5th Cir. 2017) (per curiam) (citing *Wallace*, 549 U.S. at 388; *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)) (stating that a cause of action accrues when a plaintiff is aware, or

3

should be aware, of the existence of the injury and the connection between the injury and the defendant's actions).

"An excessive force claim generally accrues on the date when the force is inflicted." *Id.* (citing *Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016)) ("[Plaintiff's] claims accrued [on] the date he alleges he was subjected to excessive force."). Here, the DPD allegedly used excessive force against Foggle on August 20, 2010. Thus, absent tolling, Foggle's excessive force claim accrued on August 20, 2010.[2]

There are indications in the record that Foggle was 16 when the incident allegedly occurred. *See* ECF No. 3 at 13 (DPD incident report from 8/20/10 detailing the chase of a juvenile (presumably Foggle)); ECF No. 3 at 16 (medical record from 8/22/10 describing Foggle as 16 years old). And Texas's two-year limitation period is tolled "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(b). A person younger than eighteen years old is under a legal disability, and thus that person's cause of action does not accrue until the person reaches the age of majority. *Id.* § 16.001(a)(1). That said, even if Foggle turned

---

[2] It is unclear whether Foggle also intends to bring a medical indifference claim against the DPD for failure to treat him after the alleged the use of force incident. If he is, that claim accrued when Foggle was aware of an injury and a connection between the injury and the DPD's actions. *Piotrowski*, 237 F.3d at 576. The only injuries that Foggle references are general physical and mental pain and suffering (including PTSD), and he alleges that he has been suffering from those injuries for over 13 years. Thus, even giving Foggle the benefit of tolling, as explained above, any medical indifference claim is also untimely.

4

eighteen on August 20, 2012, his complaint—filed February 27, 2024— is still over ten years late.

Nor is there any indication that equitable tolling would apply. A litigant is entitled to equitable tolling of a limitations period "if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). And for equitable tolling to apply, the plaintiff must "'allege specific facts'" to support all prongs of "'a plausible equitable tolling claim.'" *Andrews v. Johnson*, 2023 WL 5437197, at *5 (N.D. Tex. May 22, 2023), *rec. accepted* 2023 WL 5437668 (N.D. Tex. Aug. 22, 2023) (citing *Taggart v. Norwest Mortg., Inc.*, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *Chandra v. Bowhead Sci. & Tech., LLC*, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); *Peterson v. United States*, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018), *rec. adopted* 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018)).

Foggle's pleadings disclose no basis for equitable tolling. There is no indication that he pursued his rights diligently. He fails to explain, for example, why he waited more than a decade after turning 18 to file this lawsuit. Nor is there any indication that some extraordinary circumstance prevented him from timely filing his claim. Without the benefit of equitable tolling, Foggle's claims are untimely, and the Court should dismiss them with prejudice.

> 2. Alternatively, Foggle's claims lack merit because the DPD is a nonjural entity and Foggle has not plausibly alleged a claim against the City of Dallas.

Even if timely, Foggle's claims still should be dismissed under 28 U.S.C. § 1915(e)(2).

Foggle sues the DPD, but the DPD is a servient department that does not enjoy its own legal existence or capacity to sue or be sued under § 1983. Therefore, the Court should dismiss Foggle's claims against the DPD. *See, e.g.*, *Gooden v. Todd*, 2020 WL 6586714, at *2 (N.D. Tex. Oct. 19, 2020) (Dallas Police Department lacks authority to sue or be sued); *see also Johnson v. Dallas Police Dep't*, 2004 WL 2964968, at *2 (N.D. Tex. Dec. 15, 2004), *rec. accepted* 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (same).

 Foggle also sues the City of Dallas. While § 1983 claims may be brought against municipalities "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," municipalities cannot be held liable solely for employing a tortfeasor; that is, they "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 690-91; *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 307, 403 (1997) (citations omitted) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*."). This is because "under § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (Thomas, J.) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475

U.S. 469, 479 (1986)). And "[t]hey are not vicariously liable under § 1983 for their employees' actions." *Id.* (citations omitted); *see also Pembaur,* 475 U.S. at 479 ("Congress . . . doubt[ed] its constitutional power to impose such liability in order to oblige municipalities to control the conduct of *others*." (emphasis in original) (citation omitted)).

Requiring municipal-liability plaintiffs to identify an allegedly unconstitutional municipal policy or custom "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs,* 520 U.S. at 403-04 (citing *Monell,* 436 U.S. at 694). "To prevent municipal liability . . . from collapsing into *respondeat superior* liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Id.* at 410. Accordingly, "[a]s is generally the case in § 1983 cases, it is far more difficult for [a] plaintiff to establish municipal liability . . . than to establish individual liability." *Ayers v. City of Holly Springs*, 2006 WL 2943295, at *4 (N.D. Miss. Oct. 13, 2006); *see also Jackson ex rel. Martin v. Town of Tutwiler*, 2018 WL 6033596, at *3 (N.D. Miss. Nov. 16, 2018) ("[T]his court acknowledges that federal law does, in fact, make it quite difficult for plaintiffs to recover against municipalities in § 1983 cases.").

Though the Court does not require "proof" of any element at the motion-to-dismiss/screening stage, a "plaintiff[ ] must allege facts that support the elements

7

of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (per curiam) (citation and quotation marks omitted); *see also Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 at 156-59 (2d ed.)). Thus, to state a claim for municipal liability under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell,* 436 U.S. at 691). "A plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.'" *Id.* at 541-42. (quoting *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002)). "[I]solated unconstitutional actions by municipal employees will almost never trigger [municipal] liability." *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984) (per curiam); *McKee v. City of Rockwall,* 877 F.2d 409, 415 (5th Cir. 1989)).

As for the first element, a plaintiff sufficiently alleges an official policy exists by pleading facts that demonstrate:

8

> (1) a policy statement, ordinance, regulation, or decision . . . [was] officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents a municipal policy.

*Burge v. Saint Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam)); *see also Bd. of Cnty. Comm'rs*, 520 U.S. at 404 ("Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.") (citations omitted)).

Concerning the second element, requiring there be a policymaker with actual or constructive knowledge of the policy, that policymaker must have "the responsibility for making law or setting policy in any given area of a local government's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988); *accord Valle*, 613 F.3d at 542. "Municipal liability attaches only where the decisionmaker possesses *final* authority to establish municipal policy with respect to the action ordered." *Pembaur*, 475 U.S. at 481 (emphasis added).

Regarding the third element that the policy alleged be the "moving force" behind the constitutional violation, a plaintiff must establish that "the municipal action was taken with the requisite degree of culpability and . . . demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs*, 520 U.S. at 404.

9

Here, Foggle fails to allege any of the elements of municipal liability. He does not allege that the DPD officers violated his constitutional rights pursuant to a City of Dallas policy or custom of which a policymaker had actual or constructive knowledge. At most, he alleges that the City of Dallas is liable for the unlawful acts of its police officers. But, as explained, § 1983 forbids that kind of *respondeat superior* liability. Foggle's claims against the City of Dallas are meritless, and the Court should dismiss them.

## Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* And while a court should freely grant leave to amend when justice so requires, "a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citations omitted).

The opportunity to file objections to this recommendation (further explained below) allows Foggle an opportunity to show that his claims should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend them. See *id.*; *see also Andrews*, 2023 WL 5437197, at *6.

## Recommendation

The Court should dismiss Foggle's case with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Dated March 19, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).